UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MONICA R. SPAN     CIVIL ACTION 1:17-CV-01526

VERSUS     JUDGE DRELL

LOUISIANA WORKFORCE     MAGISTRATE JUDGE PEREZ-MONTES
COMMISSION

## REPORT AND RECOMMENDATION

Plaintiff Monica Span ("Span") filed this complaint requesting judicial review of the decision of the Louisiana Workforce Commission Board of Review. Span also filed a "Motion for Leave to Proceed *In Forma Pauperis"* (Doc. 2). Span's complaint should be dismissed for lack of subject matter jurisdiction and Span's motion (Doc. 2) should be denied as moot.

I. **Span's complaint should be dismissed *sua sponte* for lack of subject matter jurisdiction.**

Span's complaint is an appeal from a decision of the Louisiana Workforce Commission Board of Review.[1]

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all

---

[1] The Board of Review reviews decisions of appeal referees on disputed claims for unemployment compensation benefits. See La. R.S. 23:1630.

phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

Span's appeal should have been filed in a Louisiana district court. Pursuant to La. R.S. 23:1634(A), a claimant may obtain judicial review of the Board of Review's administrative proceedings by filing a petition for review of the decision in the Louisiana district court of the parish in which the claimant was domiciled at the time the claim was filed or in the parish in which the Commission is domiciled.[2] See Ford v. Louisiana State Judicial Review Bd., 2013-0779 (La. App. 1st Cir. 2/3/14), 2014 WL 3555930, *2; Bowden v. Louisiana Bd. of Review, 46,048 (La. App. 2d Cir. 1/26/11), 57 So.3d 513, 516-17.

Span filed her appeal in a federal court instead of a state court. A federal court does not have subject matter jurisdiction over a claim for Louisiana unemployment compensation. Since this Court lacks subject matter jurisdiction over this case, Span's complaint should be dismissed without prejudice.

II.  Span's motion to proceed *in forma pauperis* should be denied.

Span filed a "Motion for Leave to Proceed *In Forma Pauperis"* (Doc. 2).

---

[2] La. R.S. 23:1634(A) states in pertinent part:
> Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. If the claimant is not domiciled in Louisiana at the time for filing a petition for review, the petition or request for review may be filed in the district court of the parish in which the claimant was domiciled at the time the claim was filed or in the parish in which the Louisiana Workforce Commission is domiciled.

2

Section 1915 allows an indigent plaintiff to file suit in federal court and proceed in forma pauperis ("IFP"), and without prepayment of fees or security. See 28 U.S.C. § 1915(a)(1). Section 1915 does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court *may* grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. See Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1974) (superceded by statute on other grounds); see also Paige v. Jackson State Univ., 2009 WL 230709, at *1 (S.D. Miss. 2009); Crowley v. Tool, 2007 WL 2746705, *1 at n.3 (W.D. La. 2007).

Since Span's complaint should be dismissed for lack of subject matter jurisdiction, Span's motion to proceed *in forma pauperis* should be denied as moot. See Ford v. Rogers, 2012 WL 4361237, *1 (M.D. La. 2012); see also Miller v. Bryant, 2015 WL 417858, *1 (S.D. Miss. 2015); Cholick v. Laredo Nat. Bank, 2008 WL 793375, *1 (S.D. Tex. 2008).

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Span's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that Span's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be DENIED as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge